PER CURIAM.
Defendant-appellant Gagnon challenges the convictions and concurrent sentences imposed pursuant to a jury verdict finding him guilty of (1) breaking and entering with intent to commit robbery, (twenty years) ; (2) robbery, (twenty years) ; and (3) aggravated assault (five years). See related case of Grech v. State, Fla.App. 1970, 243 So.2d 216 (Case No. 69-854). Grech and Gagnon were tried together.
The defendant seeks reversal of the judgment and sentences on numerous grounds. The principal grounds upon which he argues for reversal are that the court erred in that it: (1) repeatedly refused to permit withdrawal of his court-appointed counsel; (2) refused discharge for lack of a speedy trial under § 909.23, Fla.Stat., F.S.A.; (3) allowed an in-court identification where a prior line-up had been suppressed;- J4) excused a class of pérsons from jury service prior to the selection of the jury, constituting an improper jury venire; (5) refused to instruct as to the lesser included offense of trespass; (6) permitted improper comment by the prosecutor; (7) permitted reference to statements made by others not present in court both denying right to confrontation and creating prejudicial “spill-over” results; and (8) failed to reduce the charge from robbery to attempted robbery. We find no reversible error and affirm.
We rely upon the related case of Grech v. State, Fla.App.1970, 243 So.2d 216 (Case No. 69-854) and authorities therein to dispose of contentions (3) through (6) and (8).
The defendant asserts error in the court’s refusal to allow the public defender to withdraw. We find, on the basis of the record, no denial of effective representation but rather a zealous protection of defendant’s rights. In fact, defendant makes no allegations of incompetency or inadequacy.
Defendant also urges that he was denied his constitutional right to a speedy trial, and in particular asserts violation of § 909.23, Fla.Stat.1967, F.S.A.[1] Defendant *221 was charged by an Information filed January 31, 1968, about two weeks before the end of the December Term of the Criminal Court of Record in and for Dade County, and pleaded not guilty at his arraignment on February 20, 1968, one week after the February Term began. See § 32.-03(4), Fla.Stat.1967, F.S.A. He'was tried in September, 1969. We note from the record that § 909.23, Fla.Stat., F.S.A. was not properly before the >trial court, .but was only cited by the defendant when he was attempting to discharge his attorney. Defendant did not raise this argument in his motion to dismiss, motions or demands for speedy trial, or motion for new trial. Moreover, in examination of the records of this court, we have found that in State of Florida ex rel. Greenwood v. Goodman, Fla.App.1970, 234 So.2d 181, an original proceeding for a- writ of prohibition, we dismissed a similar allegation for failure to state a prima facie case.
The defendant also contends that the court erred in permitting reference to statements made by other persons at the time of the commission of the robbery but who were not then present in the court because it denied him the right to confrontation. He also says this created a prejudicial “spill-over” effect, linking him with Jack “Murf the Surf” Murphy. The State had the burden of tracing all the actions of the participants to prove not only that a robbery had taken place, but that these defendants were associated with the robbery. To meet this burden, the State relied upon § 776.011, Fla.Stat.1967, F.S.A., which declares that an aider or abettor is liable as a principal in the first degree. This position became important because both Grech and Gagnon asserted that their presence in the vicinity was purely coincidental and unrelated to the robbery. In light of the need to show that Gagnon was connected with the unidentified gunmen robbing Mrs. Wofford upstairs, it was not error for the trial court to admit testimony that Mrs. Wofford heard someone yell, “Jack, Jack, Jack, the cops,” while she was being robbed. Nor was it error for the court to allow the State to refer to the other alleged participants and their actions.
Affirmed.

. “909.28 Trial of persons in custody. —When an indictment has been returned or an information filed for a felony and the accused be in custody, the court shall cause him to be arraigned and tried at the same term, during which said indictment or information is filed, unless good cause be shown for a continuance.” Cf. § 915.01, Fla.Stat., 1967, F.S.A.: “915.01 Speedy trial; reduction of bail; discharge of prisoner.— “(1) When a person has been committed to custody to answer any criminal charge, and shall apply to the court on the first day of the term to which he has been committed, that he desires to be brought to his trial before the end of the term, and shall not be indicted or informed against at that term, unless it appear to the satisfaction of the court that the witnesses could not be procured, the court shall set him at liberty upon *221 his giving bail in a reasonable penalty to appear at the next term. If the person in custody be not indicted or informed against in the second term, unless the attendance of witnesses is prevented by himself, he shall be discharged from imprisonment ; and if he is not tried at or before the third term after the date he is first committed, he shall be forever discharged from the crime. “(2) When a person has been arrested and released on bond, and thereafter for three successive terms of court, files a written demand for trial (serving a copy on the prosecuting attorney) and he is not brought to trial at or before the third full term after the date he is first committed, he shall be forever discharged from the crime; provided, however, that attendance of the witnesses is not prevented by himself, and he has filed no pleading seeking a continuance.”