SPECTOR, Chief Judge.
This is an original action wherein petitioner, Rudolph Valentine Lee, seeks a writ of prohibition restraining the respondent Circuit Judge from exercising any jurisdiction with respect to the charges brought against petitioner by that certain indictment returned by the Duval County Grand Jury on March 10, 1972, charging petitioner with murder in the first degree.
Said indictment charges that the petitioner on February 6, 1972, unlawfully and from a premeditated design to effect the death of Edward James Parker did kill the said Edward James Parker by shooting him to death with a pistol.
In support of his petition, Rudolph Valentine Lee relies upon the provisions of Section 907.055, Florida Statutes, F.S.A., which provides as follows:
“A defendant who is in custody when an indictment or information for a felony is filed shall be arraigned and tried during the term when the indictment or information is filed unless good cause is shown for a continuance.”
In Duval County, the Fall Term begins on the first Monday in November, and the Spring Term begins on the first Monday in May. Thus, petitioner was indicted during the Fall Term of 1971. Petitioner con *255 tends that by operation of the provisions of Section 907.055, Florida Statutes, F.S.A., it was incumbent upon the State to try him on the charges brought during the term in which the indictment was filed, that is, before the end of the Fall Term of 1971 which ended the day before the first Monday in May of 1972 when the Spring Term began.
There is no merit to petitioner’s contention that he is entitled to be discharged because he was not tried during the term when his murder indictment was filed. A minute examination of the statute upon which he relies fails to reflect language entitling petitioner to be discharged from the crime with which he is charged. The trial court’s interpretation of the statute is correct. Unlike the speedy trial rule adopted by the Florida Supreme Court, Rule 3.191, 33 F.S.A., the subject statute does not contain language analogous to that found in the rule which states: “Upon motion timely filed with the court having jurisdiction and served upon the prosecuting attorney (the defendant shall) be forever discharged from the crime; . . . ”
In Gagnon v. State, 243 So.2d 219 (Fla.App.1971), cert. denied 246 So.2d 113, the court refused to give Section 909.23, Florida Statutes, F.S.A., the precursor of 907.-055, Florida Statutes, F.S.A., the effect sought by petitioner. Although the contention that a person was entitled to be discharged if not tried within the term during which the indictment was filed had not been timely raised in Gagnon and thus was not directly ruled upon, the court nonetheless stated that in State of Florida ex rel. Greenwood v. Goodman, 234 So.2d 181 (Fla.App.1970), it had dismissed an original proceeding for a writ of prohibition making the same argument as now urged in the instant case because the petition failed to state a prima facie case for a writ of - prohibition.
Ample relief is afforded persons charged with crimes by the speedy trial rule adopted by the Florida Supreme Court, Rule 3.-191. Maximum time periods are provided in said rule within which the State must try a person accused of crime. Moreover, the rule provides that the defendant may expedite his trial by the simple expedient of filing a motion requesting to be tried. That was not done by petitioner in this case. Accordingly, he is not entitled to be discharged.
Petition for writ of prohibition is denied.
WIGGINTON and CARROLL, DON ALD K., JJ., concur.